UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LESTER C. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-0537 PS |
| | ) | |
| WILLIAM ANDERSON, Sheriff, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Lester Jones, a prisoner confined at the Tippecanoe County Jail, submitted a complaint under 42 U.S.C. § 1983, dealing with events that occurred at the jail. He also submitted a petition and affidavit for leave to proceed without prepayment of the full $350 filing fee pursuant to 28 U.S.C. § 1915.

A prisoner may not bring a civil action in forma pauperis if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

The records of this court establish that Mr. Jones has a lengthy history of litigation while a prisoner. These records confirm that Mr. Jones has accumulated three strikes:

(1) *Lester C. Jones v. Patrick Scowden*, 3:03-CV-266 RM, dismissed pursuant to 28 U.S.C. § 1915A on July 18, 2003;

(2) *Lester C. Jones v. Ann Warner*, 4:07-CV-001 AS, dismissed pursuant to 28 U.S.C. § 1915A on January 8, 2007;

(3) *Lester C. Jones v. Ann Warner*, Appeal # 07-1578, denied leave to proceed *in forma pauperis* on appeal by the District Court on March 19, 2007, because the appeal not taken in good faith, mandate issued September 21, 2007.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). Jones does not allege that he is in serious danger of imminent physical injury, and his complaint deals with allegations that in 2005 and 2006, jail officials interfered with his access to the courts and denied him access to an adequate law library. He also alleges that they denied him access to a computer. Accordingly, § 1915(g) mandates that the court deny Jones leave to proceed in forma pauperis. Jones may still proceed with this action, but to do so he must pay the full amount of the filing fee.

For the foregoing reasons, the court **DENIES** the plaintiff's motion for leave to proceed in forma pauperis [DE 2], affords the plaintiff to and including December 10, 2007, within which to pay the $350.00 the filing fee, and advises him that if he does not pay the filing fee by that date, this case will be dismissed without further notice without affecting his obligation to pay the filing fee.

**SO ORDERED**.

**ENTERED**: November 7, 2007

/s Philip P. Simon
Philip P. Simon, Judge
United States District Court